IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| ROBERT TROY MCCLURE | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:15-CV-130 |
| BRAD LIVINGSTON, *et al.*, | § | |

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RELIEF FROM JUDGMENT

Plaintiff, Robert Troy McClure, an inmate currently confined at the Robertson Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed the above-referenced civil rights action pursuant to 42 U.S.C. § 1983 against several defendants. Pending is plaintiff's Motion for Relief from Judgment filed November 9, 2017 (docket entry no. 42). For the reasons stated herein, the motion is **DENIED**.

Background

On August 11, 2015, plaintiff filed his original complaint (docket entry nos. 1 & 2). Plaintiff also filed an emergency motion to proceed *in forma pauperis* (docket entry no. 3). A Report and Recommendation was ultimately entered on October 29, 2015, recommending plaintiff's civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(g) (docket entry no. 12). Plaintiff filed objections to the Report and Recommendation on January 19, 2016 (docket entry no. 16). Out of an abundance of caution, as it appeared plaintiff may be alleging imminent danger, the Magistrate Judge withdrew the Report and Recommendation (docket entry no. 20).

A Report and Recommendation was then entered on March 23, 2016, recommending plaintiff's motions for a temporary restraining order and/or preliminary injunction be denied as moot as plaintiff was transferred from the Eastham Unit to the Stiles Unit (docket entry no. 25). The Report and Recommendation was adopted, without objection, June 17, 2016 (docket entry no. 27). An order was also entered denying plaintiff's emergency motion for writ of mandamus as moot

(docket entry no. 31).

On September 15, 2016, the Magistrate Judge then entered an order requiring plaintiff to replead his cause of action (docket entry no. 34). After no response from plaintiff, a Report and Recommendation was entered on October 27, 2017, recommending the civil rights action be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) (docket entry no. 35). No Objections to the Report and Recommendation were filed. A Memorandum Opinion and Order Adopting the Report and Recommendation and Final Judgment were entered on December 7, 2016 (docket entry nos. 39 & 40). An Acknowledgment of Receipt was filed on January 4, 2017, showing plaintiff received a copy of the Report and Recommendation sometime before that date (docket entry no. 41). In addition, in the Motion for Relief from Judgment, plaintiff states he received a copy of the Memorandum Opinion and Order Adopting the Report and Recommendation and Final Judgment in December of 2016. Motion for Relief from Judgment, pg. 4 (docket entry no. 42). Plaintiff, however, did not file a Motion for Relief from Judgment and proposed Amended Complaint until November 9, 2017 (docket entry nos. 42 & 43).

Discussion

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. FED. R. CIV. P. 60(b) (1)-(5). In addition, Rule 60(b) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the given enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). To prevail on a motion to set aside judgment, a defendant must also show "good cause." *Meaux Servs., Inc. v. Dao*, 160 F.R.D. 563, 564

(E.D. Tex. 1995). Generally, Rule 60(b) is not to be used as a substitute or alternative to appeal. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1042 (5th Cir. 19897) (citations omitted). Such a motion must be made within one year after entry of judgment for subsections (1), (2), and (3), and otherwise, within a reasonable time. FED. R. CIV. P. 60(b).

The Supreme Court has cautioned that Rule 60(b)(6) should only be applied in extraordinary circumstances. *See Ames v. Miller*, 184 F.Supp.2d 566, 575 (N.D. Tex. 2002) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S, 847, 863 (1988); *Ackermann v. United States*, 340 U.S. 193 (1950)). The court enjoys considerable discretion when determining whether the movant has satisfied the Rule 60(b)(6) standard. *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Plaintiff does not state which subsection he seeks relief under in support of this Motion for Relief from Judgment. Regardless, the Court is constrained to find that waiting almost one year to file an amended petition and a motion to reopen the case can somehow be construed as filed within "a reasonable time." Although plaintiff appears to argue unit transfers and poor medical treatment effected his ability to timely file this Motion for Relief from Judgment in this case, the Court takes judicial notice that plaintiff did file multiple pieces of correspondence and pleadings in another cases during this time period. *See McClure* v. *Torres, et al.*, Civil Action No. 9:16cv53; *see also McClure v. Livingston, et al.*, Civil Action No. 1:16cv69. Plaintiff has, therefore, failed to show any of the bases outlined above, extraordinary circumstances or good cause warranting relief as required by Federal Rule of Civil Procedure 60(b).

## ORDER

For the foregoing reasons stated herein, plaintiff's Motion for Relief from Judgment (docket entry no. 42) is **DENIED**.

**So Ordered and Signed**
**Jan 11, 2018**

_____
Ron Clark, United States District Judge